IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYRELL ELSWORTH COX,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO TRANSFER CUSTODY<br><br><br><br>Case No. 2:08-CR-461 TS |

This matter is before the Court on a letter written by Defendant Tyrell Elsworth Cox. Defendant asks this Court to transfer him to federal custody so that he may respond to the allegations that he violated the terms of his supervised released. Unfortunately, because Defendant is in state custody on state charges, the Court is unable to grant the relief Defendant requests.

I.  BACKGROUND

On July 16, 2008, Defendant was indicted on one count of bank fraud, one count of aggravated identity theft, and four counts of theft of mail. Defendant pleaded guilty to the bank fraud and aggravated identity theft counts on May 11, 2009. Defendant was sentenced to 27

1

months imprisonment to be followed by 48 months supervised release.

On September 12, 2011, Defendant admitted violating the terms of his supervised release. Defendant was sentenced to 4 months custody and 4 months home confinement, with 39 months of supervised release to follow.

There are now allegations that Defendant has again violated the terms of his supervised release. One of the allegations is that Defendant committed another state offense: theft by deception.

On December 6, 2011, Defendant was sentenced in state court to 180 days jail based on the theft by deception charge. Defendant is currently in state custody and a federal detainer has been lodged against him. The state court ordered that Defendant could be released to federal prison if imprisonment is ordered and that the state sentence could run concurrent to any federal sentence. Defendant now requests that he be transferred to federal custody so that he may respond to the allegations and begin serving any sentence that he may be given.

## II.  DISCUSSION

Defendant requests that he be transferred to federal custody. Fed.R.Crim.P. 32.1 provides that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge."[1] Defendant, however, is not presently in federal custody on a charge of violating probation or supervised release. Rather, he is in state custody, serving a term of 180 days for his conviction for theft by deception. The fact that the Court has issued an arrest warrant for his alleged violations of his supervised release terms and

---

[1] Fed.R.Crim.P. 32.1(a).

that a detainer has been lodged against him does not permit this Court to transfer him to federal custody.  Defendant must first complete his state court sentence.  Once Defendant is release from state custody he will be brought before the Court to respond to the allegations that he violated the terms of his supervised release.  At that time, Defendant may argue that his sentence should be reduced based on the amount of time spent in state custody.  However, until Defendant is released from state custody and is brought before the Court, the Court can take no action on the alleged supervised release violations.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's motion to Transfer Custody (Docket No. 108) is DENIED.

DATED   January 20, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge